Interstate and Ocean Transport Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Vincent J. Pentima,* with him *J. Anthony Messina,* and *Pepper, Hamilton & Scheetz,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., May 11, 1979:

Although the issues of law involved in this case arising under the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 *et seq.,* turn on the usual question of eligibility for benefits, they arise in the not so usual procedure of a claim by a former employer, not the last employer, for relief from charges under Section 302(a)(1) of the Act, 43 P.S. §782(a)(1). This section provides that if a claimant is drawing benefits as a result of subsequent employment but his benefits would be chargeable to the original employer's account, they will not be so charged if the claimant's separation from work with the original employer was due to willful misconduct or due to his leaving work without good cause. The employer seeks relief from charges against its account under this section of the Act.

The charges in dispute grow out of the unemployment benefits of three employees. Respondent admits that as to the charges based on the payments made to claimant Borge, relief should be granted at this time since in fact the petitioner here was the last employer as to claimant Borge and it did not have notice and an opportunity to contest his eligibility. Respondent suggests and petitioner has not opposed that charges based on payments to claimant Borge be set aside and the case with regard to this

issue be remanded to the Unemployment Compensation Board of Review for a determination of claimant Borge's eligibility after proper notice to petitioner. This will be done.

As to the request for relief from charges based on benefit payments to claimants Palmaccio and Gordon, petitioner was not the last employer and the issue is ripe for disposition. Each of their separations from employment with petitioner was the result of the terms of a labor agreement between petitioner and claimants' unions. In brief, the agreement with each claimant's union provided that when petitioner had a position vacancy due to the unavailability of one of its regular employees, the union would provide a qualified relief employee who would work until the return of the regular employee and then be separated.[1]

Admittedly the facts here involved fall somewhere in between *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A.2d 906 (1959) and *Lybarger Unemployment Compensation Case*, 418 Pa. 471, 211 A.2d 463 (1965). In each case the separation from employment resulted from the employer and employee complying with terms of a union contract. In *Gianfelice* by the terms of the union contract the claimant was required to retire at age 68 unless the employer agreed the employee could continue to work. It was the employer's position that retirement under such circumstances was a voluntary quit since the claimant was a member of the union which had so agreed on his behalf. The Supreme Court held otherwise acknowledging the realities of the situation that in fact

---

[1] It does not seem controlling to us whether this separation is denominated as being the result of the "relief" employee agreeing to voluntarily quit so that the "regular" employee could be rehired, denominated as being the result of the employer agreeing to discharge the "relief" employee so as to reemploy the regular employee, or denominated as occurring "automatically."

claimant there wanted to continue to work and the employer would not agree. Under such circumstances it was held to be a fiction to say the claimant had agreed to quit. Benefits were awarded. In *Lybarger, supra,* the union contract provided that an employee could work until he had earned $5,000 in any one year at which time he would relinquish his position to an unemployed member of the union with less seniority for the balance of the year, retaining his seniority to return and regain his position the next year. The Supreme Court denied benefits on the theory that this was a contrived system of unemployment developed for the purpose of creating eligibility for benefits, thus taking advantage of the unemployment compensation fund. It was expressly characterized as a system to grant benefits to employees "recurrently, systematically, and by calculated design as an aspect of an employer-employee contract." *Lybarger, supra* at 483, 211 A.2d at 469. (Footnote omitted.)

It is our opinion that the claims of Palmaccio and Gordon are covered by *Gianfelice* and not by *Lybarger.* Unlike in *Lybarger,* the unemployment of the claimant was not the result of a "contrived" situation arising by "calculated design." Each claimants' employment ended because the end of his relief period arrived, *i.e.,* the permanent employee returned. There was no evidence that the original employee whose position was filled by either claimant left in order to create a vacancy that by virtue of his seniority he could later reclaim after drawing unemployment benefits and have the relief individual eligible for benefits when the original employee reclaims his position. Indeed to hold otherwise would seem to put in jeopardy all unemployment resulting from the proper operation of a "bumping" system based on seniority. Such was never contemplated by *Lybarger, supra.*

Accordingly, we will enter the following

ORDER

AND NOW, May 11, 1979, the orders of the Unemployment Compensation Board of Review dated January 16, 1978, Decision Nos. B-152744 and B-152745 denying relief from charges in the claims of Albert Palmaccio and Richard Gordon are affirmed and the order similarly dated January 16, 1978, Decision No. B-152746 denying relief from charges in the claim of Gil Borge is set aside and the same is remanded to the Unemployment Compensation Board of Review for such action as it shall take for a proper determination of eligibility with notice to all parties.